| | |
|---|---|
| 1 | Marc A. Lieberman, Esq. (SBN 157318) |
| 2 | Alan W. Forsley, Esq. (SBN 180958)<br>FREDMAN KNUPFER LIEBERMAN LLP |
| 3 | 1875 Century Park East, Suite 2200<br>Los Angeles, California 90067-2523 |
| 4 | Telephone:  (310) 284-7350<br>Facsimile:   (310) 284-7352 |
| 5 | |
| 6 | Attorneys for Plaintiffs<br>Stuart H. Kaplan, M.D., and Moondance LLC |

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO DIVISION

| | |
|---|---|
| In re | ) CASE NO. 1:07-10845-MT |
| KEVIN WASKO and CASSONDRA DEHAY | ) Chapter 11 |
| Debtors. | ) ADV CASE NO. 1:07-01136-MT |
| | ) **NOTICE OF MOTION AND MOTION BY PLAINTIFFS STUART H. KAPLAN, M.D., AND MOONDANCE LLC FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION OF ISSUES REGARDING PLAINTIFFS' COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO BANKRUPTCY CODE SECTIONS 523(a)(2)(A), (a)(4), and (a)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| STUART H. KAPLAN, M.D., and MOONDANCE LLC, | |
| Plaintiffs, | |
| v. | |
| KEVIN WASKO and CASSONDRA DEHAY, | |
| Defendants. | *[Filed Concurrently with Plaintiffs' Separate Statement of Uncontroverted Facts and Request for Judicial Notice]* |
| | Date: September 1, 2011<br>Time: 9:30 a.m.<br>Place: Courtroom 302 |

---

0

*Notice of Motion and Motion for Summary Judgment*

**TABLE OF CONTENTS**

I.   INTRODUCTION..................................................................................4

II.  STATEMENT OF FACTS....................................................................5

    A.   Defendants Make Representations to Induce Plaintiffs to Invest...............5

    B.   Plaintiffs Rely on Defendants' Representations and Transfer $500,000 to Defendant..........6

    C.   Defendants Make Further Representations and Plaintiffs Rely on Those Representations and Transfer an Additional $250,000 To Defendants..........6

    D.   All of Defendants' Initial and Subsequent Representations Were False.......7

    E.   Defendants Breached Their Fiduciary Duty to Plaintiffs..........................8

    F.   The State Court Judgment and Statement of Decision............................9

    G.   The Sanctions Order............................................................................9

    H.   The Costs of Proof Order....................................................................9

    I.   Interest Accrued on the Total Judgment................................................9

III. ARGUMENT........................................................................................10

    A.   Legal Standard for Summary Judgment and Summary Adjudication........10

    B.   The State Court Judgment, Statement of Decision, and Orders Are Entitled to Collateral Estoppel..............11

    C.   Defendants' Debt Is Nondischargeable Under 11 U.S.C. § 523(a)(2)(A) Because Defendants Were Found Liable for Fraud.............12

    D.   The State Court Judgment Is Nondischargeable Under 11 U.S.C. Section 523(a)(4) Because Defendants Were Found Liable for Fraud in a Fiduciary Capacity..............14

    E    The State Court Judgment is Nondischargeable Under 11 U.S.C. § 523(a)(6) Because Debtor was Found Liable for Fraud................15

IV.  CONCLUSION....................................................................................16

Case 1:07-ap-01136-MT    Doc 20    Filed 07/21/11    Entered 07/21/11 15:34:03    Desc
Main Document    Page 3 of 20

## TABLE OF AUTHORITIES

**Cases**

*Azadigian v. Workers' Compensation Appeals Board*, 7 Cal.App.4th 372 (1992)...........12

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505 (1986).......................10

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986)..........................10, 11

*Conte v. Guatam (In re Conte)* 33 F.3d 303 (3rd Cir. 1994)....................................16

*Grogan v. Garner*, 498 U.S. 279, 111 S. Ct. 654 (1991).........................................11

*In re Dakota*, 284 B.R. 711 (9th Cir. 2002).......................................................14

*In re Eashai*, 87 F.3d 1082 (9th Cir. 1996).......................................................13

*In re Jercich*, 238 F.3d 1202 (9th Cir. 2001)....................................................16

*Jung v. FMC Corp.*, 755 F. 2d 708, 710 (9th Cir. 1985).........................................10

*Kawaahau v. Geiger (In re Geiger)*, 523 U.S. 57, 118 S.Ct. 974 (1998)....................16

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574, 106 S. Ct. 1348 (1986)........................................................10

*Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 104 S. Ct. 892 (1984).........11

*Ragsdale v. Haller*, 780 F.2d 794 (9th Cir. 1986)...............................................14

*Runnion v. Pedrazzini (In re Pedrazzini)*, 644 F. 2d 756 (9th Cir. 1981)....................14

*Smith v. Exxon Mobil Oil Corporation*, 153 Cal.App.4th 1407 (2007) .......................11

*Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989).................................11

*Younie v. Gonya (In re Younie)*, 211 B.R. 367 (9th Cir. BAP 1997).........................11

**Statutes**

11 U.S.C. § 101(15)...............................................................................15

11. U.S.C. §523(a)(2)(A)...........................................................4, 11, 12, 14, 17

11. U.S.C. § 523 (a)(4)............................................................................14

11. U.S.C. § 523 (a)(6)........................................................................15, 16

Federal Rule of Bankruptcy Procedure 7056.....................................................10

Federal Rule of Civil Procedure 56(c)..........................................................10

Federal Rule of Civil Procedure 56(e)..........................................................10

ii
*Notice of Motion and Motion for Summary Judgment*

**TO THE HONORABLE MAUREEN A. TIGHE, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR, AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that on September 1, 2011, at 9:30 a.m., in the above-entitled courtroom located at 21041 Burbank Blvd., Woodland Hills, California 91367, Plaintiffs Stuart H. Kaplan, M.D. ("**Kaplan**"), and Moondance LLC ("**Moondance**") (collectively, "**Plaintiffs**") shall and hereby do bring this Motion for Summary Judgment, or in the Alternative, Summary Adjudication of Issues ("**Motion**") in connection with Plaintiffs' Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6), and 11 U.S.C. §§ 727(a)(2) and (a)(3)[1] (the "**Adversary Complaint**") filed against debtors and defendants Kevin Wasko ("**Wasko**") and Cassondra Dehay ("**Dehay**") (collectively "**Defendants**").

This Motion is based upon this notice, the Motion and Memorandum of Points and Authorities in support thereof, the Proposed Statement of Uncontroverted Facts and Conclusions of Law, the Request for Judicial Notice filed concurrently with this Motion, the pleadings and files in the Debtors' bankruptcy case, and upon such further oral and documentary evidence as may be presented to the court in support of the Motion.

IF YOU DO NOT OPPOSE THE RELIEF REQUESTED IN THE ATTACHED MOTION, YOU NEED NOT TAKE ANY FURTHER ACTION. HOWEVER, IF YOU OPPOSE THE MOTION, you must, pursuant to Local Bankruptcy Rule 7056-1(c), file a separate concise "statement of genuine issues" and responding papers setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, with the Clerk of the United States Bankruptcy Court, located at 21041 Burbank Boulevard, Woodland Hills, California 91367, and serve such pleadings upon Fredman Knupfer Lieberman LLP, to the attention of Marc A. Lieberman, at the mailing address

---

[1] Plaintiffs do not bring this motion for summary judgment on the § 727 claims.

indicated in the upper left hand corner of the first page of this notice not later than twenty-one (21) calendar days before the hearing on this Motion.

Failure to file and serve an opposition timely may result in any such opposition being waived, and the court may enter an order granting the Motion without further notice.

DATED: July 21, 2011

FREDMAN KNUPFER LIEBERMAN LLP

By: /s/ Alan W. Forsley
Alan W. Forsley
Attorneys for Plaintiffs
Stuart H. Kaplan, M.D., and Moondance LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiffs bring this Motion because a state court judgment and statement of decision satisfy the standard for a nondischargeability claim under 11 U.S.C. sections 523(a)(2)(A), (a)(4), and (a)(6). From 2002 to 2003, Plaintiffs invested $750,000 with Defendants to open a "gentlemen's club" (the "**Gentlemen's Club**") in Marbella, Spain (the "**Venture**"). Defendants, however, never opened the club and never returned the $750,000 to Plaintiffs. The state court found that Defendants defrauded Plaintiffs of the money and breached their fiduciary duty owed to Plaintiffs when Defendants diverted the funds for their own personal use without authorization.

In 2004, Plaintiffs sued Defendants in Los Angeles Superior Court (the "**State Court**") to recover the $750,000, interest, punitive damages and attorneys' fees and costs (the "**State Court Action**"). Defendants alleged, *inter alia*, fraud and breach of fiduciary duty.[2] While the State Court Action was pending, Defendants filed their voluntary Chapter 11 petition. Defendants then removed the State Court Action to the bankruptcy court. The bankruptcy court then remanded the State Court Action to the State Court.

On November 22, 2010, the State Court entered judgment (the "**Judgment**") in favor of Plaintiffs and against Defendants in the amount of $1,493,569.06, finding Defendants liable for fraud and breach of fiduciary duty. The State Court also issued a detailed 47-page Statement of Decision. In the Statement of Decision, the State Court said that the "facts establish that there were multiple stark breaches of fiduciary duty by each of

---

[2] The operative complaint, the Second Amended Complaint, contained eleven causes of action, but only ten of them were active at the time the matter was submitted to the State Court for consideration: (1) negligent misrepresentation, (2) deceit and fraud in the inducement, (3) breach of fiduciary duty, (4) common mount (money had and received), (5) accounting, (6) breach of oral contract, (7) conspiracy, (8) aiding and abetting a breach of fiduciary duty, (9) embezzlement, and (10) aiding and abetting embezzlement.

Wasko and DeHay,"[3] and that the "evidence of defendants' intent to defraud is extensive and clear." (Separate Statement of Uncontroverted Facts ["SSUF"], ¶ 1.) Moreover, the "evidence at trial of defendants' misconduct, fraud, and breaches of fiduciary duties established that the conduct of both defendants was willful, and that defendants and each of them acted fraudulently and with malice." SSUF ¶ 2.

As set forth below, the Judgment and Statement of Decision conclusively prove each element of Plaintiffs' causes of action. As such, Plaintiffs request that the court find the Judgment of $1,493,569.06, together with the $7,080.00 in unpaid sanctions, $495,642.97 in attorneys' fees, $48,078.19 in costs awarded by the State Court, and the interest incurred to the date of this motion of $158,508.30, for a total of $2,202,878.52, to be non-dischargeable.

## II.

## STATEMENT OF FACTS

Kaplan is a dermatologist. (SSUF ¶ 3.) Defendants are a married couple and both have experience working in gentlemen's clubs. (SSUF, ¶ 4.) Defendants encouraged Kaplan to invest in the Venture. (SSUF ¶ 5.)

A. **Defendants Make Representations to Induce Plaintiffs to Invest.**

Defendants represented to Kaplan that:

1. They were a team and were investing in the Venture together;
2. Defendants would invest $125,000 of their own money in exchange for a 25% interest in the Venture, concurrent with Plaintiffs investing $500,000 and Cadwell investing $125,000;
3. Defendants would move to Marbella, Spain to develop the Gentlemen's Club and operate it;

///

///

---

[3] Defendant Cassondra Dehay's last name is spelled both "Dehay" and "DeHay" in pleadings.

4. Defendants would form a business entity in Spain to be called Spanish Import Network "SIN" into which Plaintiffs' and the other investors' money would be transferred to and the parties would hold ownership interests;

5. Plaintiffs would receive a 50% interest in SIN with Cadwell and Defendants receiving the other 50%;

6. SIN would construct and own the Gentlemen's Club. Defendants would not withdraw money from SIN or use money for personal expenses until SIN started to generate a cash flow;

7. Defendants agreed to reduce the above promises to writing to be signed by all parties (collectively the "**Initial Representations**"). (SSUF, ¶ 6.)

**B.  Plaintiffs Rely on Defendants' Representations and Transfer $500,000 to Defendants.**

Defendants' Initial Representations induced Plaintiffs to invest. (SSUF, ¶ 7.) In reliance on those representations, Plaintiffs transferred $500,000 to Defendants. (SSUF, ¶ 8.)

**C.  Defendants Make Further Representations and Plaintiffs Rely on Those Representations and Transfer an Additional $250,000 To Defendants.**

After Plaintiffs invested the $500,000, Defendants told Kaplan that:

1. Defendants made their financial investment in SIN;

2. Defendants were working hard on the Venture and had made progress.

3. The Venture was going so well that Defendants wanted to open a second location (SSUF, ¶ 9);

4. Wasko told Kaplan that he would need an additional $400,000 to open a second location; and

5. Wasko and Kaplan agreed that Kaplan would transfer to Defendants an additional $250,000 and that the investment would be made pro rata with the other investors in accordance with their initial investments (collectively the "**Subsequent Representations**"). (SSUF, ¶ 10.)

5
*Notice of Motion and Motion for Summary Judgment*

In reliance on those representations, Kaplan transferred an additional $250,000 to Defendants. (SSUF, ¶ 11.) (The initial $500,000 and the subsequent $250,000 are collectively referred to as "**Plaintiffs' Investment**.")

Plaintiffs' reliance on the Subsequent Representations was justified. (SSUF, ¶ 12)

D. **All of Defendants' Initial and Subsequent Representations Were False.**

The State Court found that the "evidence of Defendants' intent to defraud is extensive and clear," and that "Defendants engaged in a course of conduct which demonstrates that they never intended to fulfill their promises." (SSUF ¶ 13.)

1. Defendants falsely represented to Kaplan that Defendants and Cadwell had each made their investments. (SSUF ¶ 14.)
2. All of Defendants' Subsequent Representations to Kaplan were made to make him believe that the Venture was proceeding as planned. (SSUF ¶ 15.)
3. The Subsequent Representations induced Plaintiffs to make the Subsequent Investment. (SSUF ¶ 16.)
4. The Subsequent Representations were false. (SSUF ¶ 17.)
5. Defendants gained Kaplan's trust and engaged in a pattern of deception to take the $750,000 from Plaintiffs. (SSUF ¶ 17.)
6. The Court found "clear evidence of deceit and intent to defraud by both Dehay and Wasko." (SSUF ¶ 18.)
7. The Court found "by clear and convincing evidence that both Wasko and Dehay made fraudulent representations regarding their participation and investment in the venture." (SSUF ¶ 19.)
8. Dehay knew the true state of the Venture and that Wasko's representations to Kaplan were false. (SSUF, ¶ 20.)
9. None of the status reports given by Defendants to Kaplan were true. (SSUF, ¶ 21.)
10. Wasko and Dehay had not done more than locate what they thought would be a "cover" site for their misrepresentations. (SSUF, ¶ 22.)

11. Defendants conspired to induce Plaintiffs to invest a total of $750,000 in a business venture that Defendants had no intent of pursuing. (SSUF, ¶ 23.)

### E. Defendants Breached Their Fiduciary Duty to Plaintiffs.

The State Court found that "the facts establish that there were multiple stark breaches of fiduciary duty by each of Wasko and DeHay" including:

1. Defendants' failure to make their initial promised investment;
2. Defendants' failure to form SIN;
3. Defendants' misrepresentation of the status of their investment in SIN;
4. Defendants' failure to advise Plaintiffs that Caldwell had not made his investment in SIN;
5. Defendants' failure to inform Plaintiffs that they had formed a new entity Inversiones-Sunnyview ("**Inversiones**") by a lawyer in Spain;
6. Defendants re-directing Plaintiffs' Investment funds to Inversiones;
7. Defendants' use of Plaintiffs' Investment without authority;
8. Defendants' failure to pursue the business venture in any respect;
9. Defendants' failure to account for Plaintiffs' Investment;
10. Defendants' misrepresentations to Kaplan when Defendants were in Spain;
11. Defendants' false reasons to induce Plaintiffs to invest the additional $250,000;
12. Defendants' failure to advise Plaintiffs of the falsity of the Initial and Subsequent Representations and their activities in Europe (SSUF, ¶ 24);
13. Defendants' failure to respond truthfully to Kaplan's inquires about the status of the Gentlemen's Club;
14. Defendants' destruction of the Venture records and failure to account to Plaintiffs regarding Plaintiffs' Investment or the status of the Venture;
15. Defendants' failure to advise Kaplan that they were not in Spain pursuing the Venture. (SSUF, ¶ 25.)

///

F. **The State Court Judgment and Statement of Decision**

On February 22, 2010, the State Court Action trial commenced. Trial concluded on April 8, 2010. On November 22, 2010, the State Court entered the Judgment and the Statement of Decision in favor of Plaintiffs and against Defendants for $750,000 in principal, $100,000 in punitive damages, and $643,569.06 of prejudgment interest for a total of $1,493,569.06. (SSUF, ¶ 26.)

G. **The Sanctions Order**

On September 5, 2008, the State Court entered an order compelling Defendants to provide discovery responses and to pay $7,080.00 to Plaintiffs for engaging in "bad faith" tactics (the "**Sanctions Order**"). (SSUF, ¶ 27; RJN, Ex. 3, 2:13-15, 4:17-19.) To date, Defendants have not paid the $7,080.00.

H. **The Costs of Proof Order**

On June 29, 2011, the State Court granted Plaintiffs' Motion for Order Awarding Costs of Proof of Issues Against Defendants ("**Costs of Proof Order**") and awarded Plaintiffs $495,642.97 in attorneys' fees and $48,078.19 in costs. (SSUF, ¶ 30; RJN, Ex. 7, 2:20-3:12, 7:23-28, 8:15-16.).

I. **Interest Accrued on the Total Judgment**

Interest on the Total Judgment accrues at $560.10 per day. ($2,044,370.22 x .10% = $204,437.02/365 = $560.10). Since the date of the November 22, 2010 Judgment, 283 days have passed. Thus, $158,508.30 in interest has accrued (283 days x $560.10 = $158,508.30).

As a result, the total amount of Plaintiffs request be non-dischargeable is the $1,493,569,06 Judgment, the $7,080.00 Sanctions Order and the $543,721.16 Cost of Proof Order, the $158,508.30 in interest for a total of $2,202,878.52 (the "**Total Judgment**") (SSUF, ¶ 29.)

///
///
///

# III.

# ARGUMENT

### A. Legal Standard for Summary Judgment and Summary Adjudication

Federal Rule of Civil Procedure 56 applies to adversary proceedings in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7056. FRCP 56(c) provides in part: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See, Jung v. FMC Corp.*, 755 F. 2d 708, 710 (9th Cir. 1985). A party seeking summary judgment/adjudication bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986).

Under FRCP 56(e), the opposing party must, if the moving party meets its initial burden, set forth specific facts showing there is a genuine issue for trial to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505 (1986). As stated by the Supreme Court:

> The opposing party's evidence, whether or not it has the burden of proof at trial, must be sufficient to create a genuine issue of fact for trial. When the moving party has carried its burden under Rule 56(c), its opponent must do something more than simply show that there is some metaphysical doubt as to the material facts . . . In the language of the Rule, the non-moving party must come forward 'with specific fact showing that there is a genuine issue for trial.' . . . Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585, 106 S. Ct. 1348 (1986).

The Supreme Court's decisions in *Matsushita* and *Celotex* reflect the Court's desire to resolve cases at the summary judgment/adjudication level rather than litigate a case where there exists but a scintilla of evidence that creates a hint of a genuine issue of fact. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir. 1989).

As set forth herein and as evidenced by the Judgment and Statement of Decision attached to the Request for Judicial Notice, there are no genuine issues of fact for trial regarding the dischargeability of the debt owed to Plaintiffs, under 11. U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6). Accordingly, as a matter of law, Plaintiffs are entitled to summary judgment, or in the alternative, summary adjudication as to those claims.

**B.** **The State Court Judgment, Statement of Decision, and Orders Are Entitled to Collateral Estoppel.**

In applying collateral estoppel, federal courts are required to "give a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered." *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373 (9th Cir. BAP 1997) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892 (1984)). Collateral estoppel applies to proceedings seeking exceptions from discharge under section 523(a). *Grogan v. Garner*, 498 U.S. 279, 284 111 S. Ct. 654, n. 11 (1991).

> "Collateral estoppel is one of two aspects of the doctrine of res judicata. In its narrowest form, res judicata ' "precludes parties or their privies from relitigating a **cause of action** [finally resolved in a prior *1414 proceeding].' " [Citations.] But res judicata also includes a broader principle, commonly termed collateral estoppel, under which an **issue** ' "necessarily decided in [prior] litigation [may be] conclusively determined **as [ against ] the parties [ thereto ] or their privies** ... in a subsequent lawsuit on a different cause of action." [Citation.] *Smith v. Exxon Mobil Oil Corporation*, 153 Cal.App.4th 1407, 1413-1414 (2007) (emphasis in original).

///

///

Three questions are relevant to determine whether res judicata applies in a particular situation: "Was the issue decided in the prior adjudication identical with the one present in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?" *Azadigian v. Workers' Compensation Appeals Board*, 7 Cal.App.4th 372, 377 (1992).

Here, each of these elements has been satisfied and principals of collateral estoppel make the Judgment, Statement of Decision, and related orders binding on this Court in this adversary proceeding. The following facts address each of the collateral estoppel principals as applied to this adversary proceeding:

1. <u>Identical Issues are Being Litigated</u>. The Adversary Complaint and State Court Complaint contain identical issues. Defendants were sued in the State Court Action for owing $750,000 to Plaintiffs. After trial, the State Court found Defendants liable on every active cause of action, including fraud and breach of fiduciary duty, and entered judgment in the principal amount of $750,000.

2. <u>There Was a Final Judgment on the Merits</u>. After multiple days of trial beginning on February 22, 2010 and concluding on April 8, 2010, the State Court entered its Judgment and a 47-page Statement of Decision on November 22, 2010.

3. <u>The Same Parties are Involved in Both Lawsuits</u>. Both the State Court Action and the Adversary Proceeding involve the same Plaintiffs and Defendants.

**C.** **<u>Defendants' Debt Is Nondischargeable Under 11 U.S.C. § 523(a)(2)(A) Because Defendants Were Found Liable for Fraud</u>.**

To except a debt from a discharge under section 523(a)(2)(A), the creditor must show the following: (1) the debtor made representations that at the time the debtor knew to be false; (2) the debtor made those representations with the intention and purpose of deceiving the creditor (*scienter*); (3) the creditor justifiably relied on those representations;

and (4) the creditor sustained losses as a proximate result of the debtor's representations. *In re Eashai*, 87 F.3d 1082, 1086 (9th Cir. 1996).

Here, the State Court found Defendants liable for fraud. (SSUF, ¶ 30; RJN, Ex. 6, 27:24-33:14.) The State Court's Decision provides as follows:

> The testimony regarding performance—and non-performance—supports the finding of **fraud from the inception**, as well as establishing repeated material breaches of each defendant's fiduciary duty to the joint venture and to the plaintiffs from the time of the several wires of funds by the plaintiffs in furtherance of the joint venture. The defendants' actions and lack of disclosures to the plaintiffs through the balance of 2002, and after, are further evidence of the multiple material breaches of fiduciary duty and full support plaintiffs' contention of fraud in the inducement of the original contract for the joint venture. (SSUF, ¶ 30; RJN, Ex. 5, 27:24-28:2, emphasis added.)

> ***

> Proof of fraud and deceit in this case require[s], as a threshold determination, that both defendants made **actionable representations** to plaintiffs. The Court finds that they did. (SSUF, ¶ 30; RJN, Ex. 6, 28:19-20, emphasis added.)

> ***

> These representations were made by Wasko and DeHay to **induce** Kaplan to make his investment: without them, defendants knew Kaplan would not invest. These representations made by defendants did **in fact induce** plaintiffs to invest. (SSUF ¶ 30; RJN, Ex. 6, 29:24-27, emphasis added.)

> ***

> As to the falsity of these representations, "The law is established in California that, since direct proof of fraudulent intent is often an impossibility, because the real intent of the parties and the facts of a fraudulent transaction are peculiarly in the knowledge of those sought to be charged with fraud, proof indicative of fraud may come by inference from circumstances surrounding the transaction, relationship, and interest of the parties." [Citations] (SSUF ¶ 30, RJN, Ex.6, 30:1-7.)

///

///

In addition, the State Court found that Plaintiffs sustained losses as a proximate result of Defendants' misrepresentations and entered judgment in favor of Plaintiffs in the amount of $750,000. (SSUF, ¶ 31; RJN, Ex. 5.) Moreover, the State Court awarded Plaintiffs exemplary damages in the amount of $100,000 based on clear and convincing evidence of malice and fraud on the part of each Defendant. (SSUF, ¶ 32; RJN, Ex. 5; RJN, Ex.6, 46:26-47:6.)

Accordingly, the Judgment establishing that Defendants defrauded Plaintiffs Parties satisfies the actual fraud standard of § 523(a)(2)(A).

### D. The State Court Judgment Is Nondischargeable Under 11 U.S.C. Section 523(a)(4) Because Defendants Were Found Liable for Fraud in a Fiduciary Capacity.

Section 523(a)(4) excepts from discharge any debt arising out of "fraud or defalcation while acting in a fiduciary duty, embezzlement, or larceny."

Actionable fraud under § 523(a)(4) does not differ from the actual fraud required for nondischargeability under § 523(a)(2)(A). *In re Dakota*, 284 B.R. 711, 723 (9th Cir. 2002). As mentioned above, the Uncontroverted Facts confirm that Debtor was found liable for intentionally defrauding Plaintiffs in the State Court, and thus the State Court's finding satisfies the actual fraud requirement. Therefore, the threshold question is whether Defendants and Plaintiffs are fiduciaries.

The meaning of "fiduciary" in § 523(a)(4) is an issue of federal law. *Ragsdale v. Haller*, 780 F.2d 794, 795-796 (9th Cir. 1986). "Although the concept of fiduciary is to be narrowly defined as a matter of federal law, state law is to be consulted to determine when a trust in this strict sense exists." *Id.* at 796, citing *Runnion v. Pedrazzini (In re Pedrazzini)*, 644 F.2d 756, 758 (9th Cir. 1981). Under California law, all partners are fiduciaries. "California has made all partners trustees over the assets of the partnership. Accordingly, [it is held] that California partners are fiduciaries within the meaning of section 523(a)(4). . ." *Ragsdale v. Haller, supra*, 780 F.2d at 796-797.

In the instant case, it is an undisputed fact that Plaintiffs and Defendants agreed to be partners in the Venture. The Statement of Decision provides, ". . . the Court finds that DeHay and Wasko had reached an agreement to form a partnership with plaintiffs at the February 23, 2002 meeting at Jerry's Deli in Marina del Rey, which was the culmination of months of discussions and negotiations over the business venture among plaintiff Kaplan on the one hand and defendants Wasko and DeHay (and Cadwell) on the other." (SSUF ¶ 33; RJN, Ex. 6, 23:17-21.)

In addition, the Statement of Decision provides:

> The facts establish that there were multiple stark breaches of fiduciary duty by each of Wasko and DeHay. Those breaches . . . include: (i) the failure of defendants to make their promised investment; (ii) the failure of defendants to form SIN; (iii) the misrepresentation by defendants of the status of making their investment to SIN. . . . (SSUF, ¶ 34; RJN, Ex. 6, 24:23-25:23.)

As such, the Defendants' actions defrauding Plaintiffs were done "while acting in a fiduciary duty" pursuant to section 523(a)(6). Therefore, the debt falls into this discharge exception.

E.     **The State Court Judgment is Nondischargeable Under 11 U.S.C. § 523(a)(6) Because Debtor was Found Liable for Fraud**

Section 523(a)(6) excepts from discharge any debt arising out of the "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). 11 U.S.C. section 101(15) provides that the broader term "entity" includes the more narrow term "person."

The question is whether the State Court finding that Debtor intentionally defrauded Plaintiffs satisfies the "willful and malicious" standards of section 523(a)(6). To fall within the discharge exception, the injury to the person must have been both "willful" and "malicious."

"Willful" within the meaning of section 523(a)(6) means the debtor either had a subjective motive to inflict the injury, or the debtor believed the injury was substantially

certain to occur as a result of her conduct. *In re Jercich*, 238 F.3d 1202, 1208 (9th Cir. 2001). This "willful" language thus limits section 523(a)(6) to debts incurred as a result of a debtor's intentional torts. ". . . the (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the consequences of an act," not simply "the act itself." *Kawaahau v. Geiger (In re Geiger)*, 523 U.S. 57, 61-62, 118 S.Ct. 974, 977 (1998).

The word "malicious" under section 523(a)(6) means that the wrongful act was committed intentionally without just cause or excuse. *In re Jercich, supra*, 238 F.3d at 1209.

The courts have read the "willful and malicious" standards together to mean that any intentional wrongful act which necessarily produces harm and is without just cause or excuse is both "willful and malicious" within the meaning of section 523(a)(6). *Conte v. Guatam (In re Conte)* 33 F.3d 303 (3rd Cir. 1994).

Again, as discussed above, the Uncontroverted Facts confirm that the State Court found Defendants liable for intentionally defrauding Plaintiffs. Moreover, the State Court awarded Plaintiffs exemplary damages in the amount of $100,000 based on clear and convincing evidence of malice and fraud on the part of each Defendant. (SSUF ¶ 32; RJN, Ex. 5; RJN, Ex. 6, 46:26-47:6.)

Accordingly, the Debtor's actions defrauding Plaintiffs constitute the "willful and malicious injury" standard of section 523(a)(6). Therefore, the Judgment falls into the discharge exception.

## IV.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court grant summary judgment, or in the alternative, summary adjudication as to those issues where there are no material issues of genuine fact in dispute, and that Defendants' debt owed to Plaintiffs is,

therefore, nondischargeable under Bankruptcy Code sections 523(a)(2)(A), (a)(4) and (a)(6).

    Plaintiffs further request that the Court find the entire $1,493,569,06 Judgment, the $7,080.00 Sanctions Order, the $543,721.16 Cost of Proof Order, and the $158,508.30 in post-judgment interest, for a total of $2,202,878.52, to be non-dischargeable.

DATED: July 21, 2011          FREDMAN KNUPFER LIEBERMAN LLP

By: *[signature]*
Alan W. Forsley
Attorneys for Plaintiffs
Stuart H. Kaplan, M.D., and Moondance LLC

16
*Notice of Motion and Motion for Summary Judgment*

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

FREDMAN KNUPFER LIEBERMAN LLP 1875 Century Park East, Suite 2200, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as **NOTICE OF MOTION AND MOTION BY PLAINTIFFS STUART H. KAPLAN, M.D. AND MOONDANCE LLC FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION OF ISSUES REGARDING PLAINTIFFS' COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO BANKRUPTCY CODE §§ 523(a)(2)(A), (a)(4), and (a)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 21, 2011,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Jerome Bennett Friedman   jfriedman@jbflawfirm.com, bbalonick@jbflawfirm.com;jmartinez@jbflawfirm.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On **July 21, 2011,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Via U.S. Mail*
Chambers of The Honorable
Maureen A. Tighe
21041 Burbank Blvd., Ste. 325
Woodland Hills, CA 91367

*Via U.S. Mail*
United States Trustee
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 21, 2011 | ADELAIDA OLVERA | *(signature)* |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    **F 9013-3.1.PROOF.SERVICE**