1  J. Bennett Friedman, Esq. State Bar No. 147056
   *jfriedman@jbflawfirm.com*

2  FRIEDMAN LAW GROUP, P.C.
   1901 Avenue of the Stars, Suite 1700
3  Los Angeles, California 90067
   Telephone: (310) 552-8210
4  Facsimile: (310) 733-5442

5  Attorneys for Debtors and Debtors in Possession
   KEVIN P. WASKO and CASSONDRA R.
6  DEHAY

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  In re                          ) CASE NO.        07-10845-MT
                                    )
12  KEVIN P. WASKO and CASSONDRA R. )
    DEHAY                           ) ADV. CASE NO.   07-01136-MT
13                                  )
                                    )
14              Debtors in Possession. )
                                    ) Chapter 11
15  _____ )
                                    ) DEBTORS' LIMITED OPPOSITION TO
16  STUART H. KAPLAN, M.D.          ) MOTION FOR SUMMARY JUDGMENT OR
                                    ) IN THE ALTERNATIVE, SUMMARY
17                                  ) ADJUDICATION OF ISSUES.
            Plaintiff,              )
18                                  )
    v.                              )
19                                  ) Date:   September 1, 2011
                                    ) Time:   9:30 a.m.
20  KEVIN WASKO AND CASSONDRA       ) Ctrm:   302
    DEHAY                           )
21                                  )
                                    )
22          Defendants.             )
                                    )
23  _____ )

24

25  ///

26  ///

27

28                                      THIS DOCUMENT PREPARED USING RECYCLED PAPER

1                        **PRELIMINARY STATEMENT**[1]

2         Defendants Kevin Wasko and Cassondra Dehay (collectively the "Defendants) do not deny

3 that the Superior Court entered Judgment in favor of Plaintiff as set forth in Exhibit "5" of

4 Plaintiff's Request for Judicial Notice filed concurrently with the Motion for Summary Judgment.

5  Further, Defendants acknowledge to this Court that they have not appealed the Judgment and as

6 such, the Judgment is final as to the parties thereto.

7         Defendants also do not deny the contents of the Statement of Decision attached as Exhibit

8 "6" to Plaintiff's Request for Judicial Notice filed concurrently with the Motion for Summary

9 Judgment. While Defendants disagree with the lower court's findings, Defendants did not have

10 sufficient income to pursue and appeal of the Judgment or ask for reconsideration of the Statement

11 of Decision. By virtue of Defendants failure to appeal the Statement of Decision or the Judgment,

12 Defendants acknowledge that such Judgment is final as to the parties thereto.

13         However, the Costs Of Proof Order, identified as Exhibit "7" in Plaintiff's Request for

14 Judicial Notice is not a final Order or a Judgment as against Defendants and therefore is not ripe

15 for Summary Judgment or Adjudication of Issues.

16              **THE COSTS OF PROOF ORDER IS BEING APPEALED**

17         As seen in the attached Declaration of Cassondra Dehay, the Costs of Proof Order that was

18 entered in the Superior Court case was issued by Notice on July 8, 2011. A true and correct copy

19 of the Notice of Entry of Order (1) Granting Plaintiff's Motion for Order Awarding Costs of Proof

20 of Issues Against Defendants Kevin P. Wasko and Cassondra Dehay Pursuant to Code of Civil

21 Procedure §2033.420; (2) Granting in Part and Denying in Part Defendants' Motion to Tax Costs

22 (the "Notice") is attached as Exhibit "A" to the Declaration of Cassondra Dehay. As a result of

23 the issuance of the Notice on July 8, 2011, the Defendants have until September 6, 2011 to file an

24 appeal of the Costs of Proof Order.

25 _____

[1] Defendants apologize to this Court for the late filing of this Limited Opposition. Defendants
26 are having considerable difficulty making ends meet as they have spent every dollar they have on
the appeal with Kaplan and their business is performing poorly, resulting in Defendants having to
27 work 7 days a week.

28                                -2-   THIS DOCUMENT PREPARED USING RECYCLED PAPER

1    On June 22, 2011, Plaintiff's State Court attorney, William Gutierrez, realizing that the

2    Costs of Proof Order was not final, sent a letter to Defendant Kevin Wasko asking Mr. Wasko to

3    sign a Stipulation so that the Costs of Proof Order would be part of the original Judgment, rather

4    than having to seek a separate judgment for the Costs of Proof Order.  A true and correct copy of

5    the June 22, 2011 letter and proposed Stipulation is attached as Exhibit "B" to the Dehay

6    Declaration.

7    The Stipulation attached as Exhibit "B" is not signed and, to Defendants' knowledge, the

8    Costs of Proof Order is not a final judgment.  Defendants intend to appeal this Order on or before

9    September 6, 2011.

10    Defendants' appeal of the Costs of Proof Order has merit in that the lower court ruled that

11    the entirety of "attorneys fees" incurred by the Plaintiff during the course of the litigation were

12    incurred in dealing with a discovery issue concerning Requests for Admission under CCP

13    §2033.420.  The lower court erred in this finding and such amount will be appealed by Defendants.

14    Based upon the above, Defendants oppose the entry of any Order from the this Court in

15    Plaintiff's Summary Judgment Motion to Motion for Summary Adjudication of Facts that includes

16    the amount of $495,642.97 as attorneys fees and $48,078.19 for costs as set forth in the Costs of

17    Proof Order.

18

19    **CONCLUSION**

20    Based upon the above, as well as any argument as may be raised at the hearing on this

21    matter, Defendants respectfully request that this Court deny the Plaintiff's Motion for Summary

22    Judgment or in the alternative his Motion for Summary Adjudication of Issues.  Alternatively, in

23    the event this Court considers granting the Motion, that any such Order not include the Costs of

24    Proof Order from the State Court as that Order is neither a Judgment nor final.

25

26

27

28    – 3 –

1

2   Dated: August 18, 2011                    Respectfully submitted,

3

4                                             FRIEDMAN LAW GROUP, P.C.

5                                             By:

6                                                  J. Bennett Friedman, Esq.
                                                   Attorneys for KEVIN WASKO
7                                                  and CASSONDRA DEHAY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                      – 4 –   THIS DOCUMENT PREPARED USING RECYCLED PAPER

## DECLARATION OF CASSONDRA DEHAY

I, Cassondra Dehay, do hereby declare as follows:

    1.    I am a Debtor in the Chapter 11 case of In Re Kevin Wakso and Cassondra Dehay, Case No. 1:07-10845-MT and a defendant in the adversary action entitled Stuart H. Kaplan, et.al., v. Kevin P. Wasko, et.al, Adv. No. 1:07-01136-MT.  I am familiar with the facts contained in my declaration and, if called upon to do so, could and would competently testify thereto.

    2.    Attached hereto as Exhibit "A" is a true and correct copy of the Notice of Entry of Order (1) Granting Plaintiff's Motion for Order Awarding Costs of Proof of Issues Against Defendants Kevin P. Wasko and Cassondra Dehay Pursuant to Code of Civil Procedure §2033.420; (2) Granting in Part and Denying in Part Defendants' Motion to Tax Costs (the "Notice").  The Notice is dated July 8, 2011.

    3.    Pursuant to Local State Court Rules for Appeals, I, along with my husband Kevin Wasko, have until September 6, 2011 to file an appeal of the Notice.  I intend to appeal the Costs of Proof Order.

    4.    On June 22, 2011, Plaintiff's State Court attorney, William Gutierrez, realizing that the Costs of Proof Order was not final, sent a letter to my husband Kevin Wasko asking him to sign a Stipulation so that the Costs of Proof Order would be part of the original Judgment, rather than having to seek a separate judgment for the Costs of Proof Order.  A true and correct copy of the June 22, 2011 letter and proposed Stipulation is attached as Exhibit "B" to my Declaration.  A copy of the letter and the Stipulation was sent to my attorney, Julian A. Pollack as well.

    5.    Mr. Wasko has not signed the Stipulation.

/ / /

/ / /

THIS DOCUMENT PREPARED USING RECYCLED PAPER

1      6.    The Costs of Proof Order is not a final judgment as to either myself or Kevin

2  Wasko.

3      I declare under penalty of perjury under the laws of the State of California that this

4  declaration was executed this 18th day of August, 2011 at Los Angeles, California.

5

6                             CASSONDRA DEHAY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                   – 6 –  THIS DOCUMENT PREPARED USING RECYCLED PAPER

**EXHIBIT A**

William F. Gutierrez, Esq. (Bar No. 148668)
CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation
216 Park Road
P.O. Box 513
Burlingame, California 94011-0513
Telephone:    (650) 342-9600
Facsimile:    (650) 342-7685

Attorneys for Plaintiffs
Stuart H. Kaplan, M.D., an individual,
and Moondance LLC, a California Limited Liability Company

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

UNLIMITED JURISDICTION

| | |
|---|---|
| STUART H. KAPLAN, M.D., an individual, and MOONDANCE LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN P. WASKO, an individual, CASSONDRA DEHAY, an individual (also known as Cassondra or "Sandy" Wasko), SPANISH INVESTMENTS NETWORK, LTD., a corporation, TRILEX, a corporation, STUART CADWELL, an individual, and DOES 1-50,<br><br>Defendants. | Case No.  SC082177<br><br>**NOTICE OF ENTRY OF ORDER (1) GRANTING PLAINTIFFS' MOTION FOR ORDER AWARDING COSTS OF PROOF OF ISSUES AGAINST DEFENDANTS KEVIN P. WASKO AND CASSONDRA DEHAY PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 2033.420; AND (2) GRANTING, IN PART, AND DENYING IN PART DEFENDANT'S MOTION TO TAX COSTS**<br><br>Action Filed: June 24, 2004 |

PLEASE TAKE NOTICE that an "Order (1) Granting Plaintiffs' Motion for Order

Awarding Costs of Proof of Issues Against Defendants Kevin P. Wasko and Cassondra Dehay

Pursuant to Code Of Civil Procedure Section 2033.420; and (2) Granting, in Part, and Denying In

Part Defendant's Motion to Tax Costs," a copy of which is attached hereto, was entered by the

Court on or about June 29, 2011.

Dated:    July 8, 2011                    CARR, McCLELLAN, INGERSOLL,
                                          THOMPSON & HORN
                                          Professional Law Corporation

                                          By:  _____
                                          William Gutierrez
                                          Attorneys for Plaintiffs, Stuart H. Kaplan, M.D.,
                                          an individual, and Moondance LLC, a
                                          California Limited Liability Company

28906-00002\iManage\3760889.1

NOTICE OF ENTRY OF ORDER

Exhibit "A"

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 29 2011

John A. Clarke, Executive Officer/Clerk

By D. Salisbury

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES

| | |
|---|---|
| STUART H. KAPLAN, M.D., an individual, and MOONDANCE LLC, a California Limited Liability Company,<br><br>Plaintiffs<br><br>v.<br><br>KEVIN P. WASKO, an individual, CASSONDRA DEHAY, an individual (also known as Cassondra or "Sandy" Wasko), SPANISH INVESTMENTS NETWORK, LTD., a corporation, TRILEX, a corporation, STUART CADWELL, an individual, and DOES 1-50<br><br>Defendants. | No. SC082177<br><br>[PROPOSED] ORDER (1) GRANTING PLAINTIFFS' MOTION FOR ORDER AWARDING COSTS OF PROOF OF ISSUES AGAINST DEFENDANTS KEVIN P. WASKO AND CASSONDRA DEHAY PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 2033.420; AND (2) GRANTING, IN PART, AND DENYING IN PART DEFENDANT'S MOTION TO TAX COSTS |

The motion of Plaintiffs Stuart H. Kaplan, M.D. and Moondance LLC pursuant to Code of Civil Procedure section 2033.420 for an order awarding costs of proof sanctions and the motion of defendant Cassondra DeHay to tax certain costs claimed by Plaintiffs came on regularly for hearing on February 9, 2011, in Department WEP of the Santa Monica Branch of the Superior Court for the County of Los Angeles, the honorable Allan J. Goodman, presiding. William F. Gutierrez appeared on behalf of plaintiffs and moving parties. Julian Pollok appeared on behalf of defendant Cassondra DeHay. Defendant Kevin Wasko appeared on behalf of

28906-00002\Manage\3601768.1

1

1   himself.

2         At the hearing, the Court identified a possible overlap of certain costs claimed by

3   plaintiffs in their Memorandum of Costs that were the subject of defendant's Motion to Tax

4   Costs, and costs claimed in their Motion for an Order Awarding Costs of Proof pursuant to Code

5   of Civil Procedure section 2033.420. By minute order, the Court ordered plaintiffs to file a

6   supplemental memorandum explaining which cost items it intended to claim under its Motion for

7   Costs of Proof and which items were more appropriately claimed under the statutory

8   Memorandum of Costs. The Court gave defendants to ability to respond to any supplemental

9   submissions offered by plaintiff.

10        In response to the minute order, and a subsequent minute order of the Court issued on

11  May 3, 2011, renewing its request for additional submissions, on or about May 11, 2011,

12  plaintiffs submitted a Plaintiffs' Supplemental Memorandum Allocating Recoverable Costs on

13  Statutory Memorandum of Costs and Motion for Order Awarding Costs of Proof from

14  Defendants Kevin P. Wasko and Cassondra DeHay. On or about May 20, 2011, defendants filed

15  and served a Supplemental Memorandum re "Allocation" of Costs.

16        Having reviewed all papers submitted, considered all arguments and authorities, and

17  having presided over the trial of this action,

18        THE COURT HEREBY adjudges and rules as follows:

19        PLAINTIFFS MOTION FOR COSTS OF PROOF

20        1.    Kevin Wasko wrongfully and without good cause failed to admit to the following

21  requests for admissions set forth in plaintiffs' first set of requests for admissions: Nos. 2, 4, 6, 7,

22  8, 9, 11, 14, 16, 18, 19, 22, 23, 24, 25, 26, 35, 37, 38, 40, 41, 42, 44, 45, 46, 47 and 51. These

23  requests sought the admission of matters within the knowledge of Mr. Wasko, and plaintiffs

24  ultimately proved the subject matter of the requests true at trial. Mr. Wasko's failure to admit

25  these requests was in bad faith and part of the scheme that defendants' employed to wrongfully

26  take and convert plaintiffs' investment. He had no good faith basis to refuse to admit these

27  requests. Had Mr. Wasko admitted to these requests all, or most all, of the following

28  investigation and discovery by plaintiffs would have been avoided, and all or a large part of the

28906-00002\IManage\3601768.1

2

1    trial could have been avoided.

2           2.     Cassondra DeHay wrongfully and without good cause failed to admit to the

3    following requests for admissions set forth in plaintiffs' first set of requests for admissions: Nos.

4    2, 4, 6, 7, 13, 14, 15, 16, 17, 18, 21, 22, 23, 24, 25, 26, 27, 29, 36, 39, 41, 42, 43, 44, 45, 46, 47,

5    48, 53 and 55. These requests sought the admission of matters within the knowledge of Ms.

6    DeHay, and plaintiffs ultimately proved the subject matter of the requests true at trial. Ms.

7    DeHay's failure to admit these requests was in bad faith and part of the scheme that defendants'

8    employed to wrongfully take and convert plaintiffs' investment. She had no good faith basis to

9    refuse to admit these requests, or for the many requests upon which she claimed no knowledge, to

10   deny refuse to admit the request on lack of knowledge. Had Ms. DeHay admitted to these

11   requests all, or most all, of the following investigation and discovery by plaintiffs would have

12   been avoided, and all or a large part of the trial could have been avoided.

13          3.     Plaintiffs originally sought cost of proof sanctions totaling $563,039.16. After

14   supplemental briefing requested by the Court, Plaintiffs reduced amount claimed on the motion to

15   $553,314.41.

16          4.     While the amounts claimed by plaintiffs are substantial, the amounts are limited to

17   fees and costs incurred from and after the refusal to admit the subject requests, through the filing

18   of the final written brief summarizing plaintiffs' closing arguments. Further, plaintiffs have

19   voluntarily deducted from the total fees and costs incurred, (i) $5,520, incurred in resolving

20   matters with a co-defendant; (ii) $816.75 for costs claimed in plaintiffs' cost memorandum; (iii)

21   $3,750 for costs incurred in a failed mediation of their claims; and (iv) $10,120 for sanctions

22   previously awarded by this Court, none of which can be considered "proof" as to these requests

23   for admissions  As such, the request covers only fees and costs incurred to prove the truth of the

24   admissions.

25          5.     As to the reasonableness of the remaining fees and costs, the Court notes its

26   findings at trial that defendants purposefully dissembled to the extent possible to make it difficult

27   if not impossible for plaintiffs to corroborate any aspect of defendants' story. This forced

28   plaintiffs to undertake broad discovery and investigation efforts to try to independently verify or

1   disprove defendants' unsubstantiated claims that Wasko and DeHay engaged in no misconduct as

2   it relates to the business venture. With defendants not forthcoming with evidence and

3   documentation to verify defendants' activities in Spain, plaintiffs had every reason and right to

4   broadly investigate defendants' activities and finances, and those efforts generated significant

5   evidence that weighed significantly on the outcome of the trial. There were several fits and starts

6   as to the trial of this matter, but many of them resulted from either the need to conduct follow up

7   discovery on information defendants failed to produce, or procedural issues out of the control of

8   plaintiffs.

9           6.      After the supplemental briefing requested by the Court, plaintiffs continue to claim

10  $2,500 for a fee paid to witness Jason Raven, to which defendants have objected.

11          7.      Lastly, while the request for admissions at issue in this motion are broad and

12  encompass the core of plaintiffs' case against the defendants, they do not address the statute of

13  limitations defense raised by defendant at trial. The issue was contested and resolved in

14  plaintiffs' favor. Nonetheless, a small yet significant portion of the evidence submitted at trial,

15  and the briefing submitted to the Court focused exclusively on this issue. The court believes an

16  adjustment for the evidence and work on this issue is appropriate, equal to ten percent (10%) of

17  the amount claimed, resulting in a reduction in the amount of $55,071.44.

18          **Evidentiary matters**

19          8.      The various requests for judicial notice sprinkled throughout the moving brief are

20  denied due to failure to comply with CRC 3.1113(l) and 3.1306(c).

21          **Notice re sanctions**

22          9.      Defendants assert that the motion at bar seeking attorney's fees and costs pursuant

23  to CCP 2033.420(a) is defective and must be denied outright because it fails to comply with the

24  notice provision of CCP § 2023.040. The assertion lacks merit.

25          10.     It is true that CCP § 2023.040 provides, in pertinent part: "A request for a sanction

26  shall, in the notice of motion, identify every person, party, and attorney against whom the

27  sanction is sought, and specify the type of sanction sought." However, the statute cannot be

28  viewed in isolation, as impliedly requested by Defendants. E.g., *Phelps v. Stostad* (1997)16

28906-00002\iManage\3601768.1

                                                    4

1  Cal.4th 23, 32 ("'the various parts of a statutory enactment must be harmonized by considering

2  the particular clause or section in the context of the statutory framework as a whole'"); *Azusa*

3  *Land Partners v. Department of Indus. Relations* (2010) 191 Cal.App.4th 1, 8 ("'We do not

4  construe statutes in isolation, but rather read each statute with reference to the entire scheme of

5  law of which it is part so that the whole may be harmonized and retain its effectiveness'").

6      11.    CCP § 2023.040 is found in Chapter 7 of the Civil Discovery Act. That chapter

7  pertains to misuses of the discovery process such as interposing meritless objections, failing to

8  meet and confer, and engaging in other conduct which results in pre-trial discovery disputes.

9  Nothing stated in CCP § 2033.420(a) implies that compliance with CCP § 2023.040 is a

10  prerequisite to an award of costs under Section 2033.420 which sets out specific requirements for

11  application of its provisions. Further, unlike, for example, CCP § 2033.290(d), CCP §

12  2033.420(a) does not utilize the term "sanction"; rather, it refers to the relief provided therein as

13  "an order requiring the party to whom the request was directed to pay the reasonable expenses

14  incurred in making that proof, including reasonable attorney's fees."

15      12.    In short, Defendants have provided no authority for the proposition that CCP §

16  2023.040 applies to a post-trial motion seeking a cost of proof award under CCP § 2033.420(a).

17      13.    Further, Defendants' purported quandary as to whether the motion seeks

18  imposition of a costs of proof award against defense counsel disregards *In re Estate of Manuel*

19  (2010) 187 Cal.App.4th 400, 403 ("the text of [CCP 2033.420(a)] is unambiguous ... it makes no

20  provision for an award of costs of proof against the party's attorney").

21      **Merits**

22      14.    Having prevailed at trial, Plaintiffs now request that the Court award attorney's

23  fees and costs pursuant to CCP 2033.420(a). The Court will grant the motion.

24      15.    CCP 2033.420(a) provides, in pertinent part, "If a party fails to admit the ... truth

25  of any matter when requested to do so under this chapter, and if the party requesting that

26  admission thereafter proves the ... truth of that matter, the party requesting the admission may

27  move the court for an order requiring the party to whom the request was directed to pay the

28  reasonable expenses incurred in making that proof, including reasonable attorney's fees."

23906-C0002\Manage\601768.1

5

16.    The imposition of the award is mandatory, unless the opposing party proves that the issue was of no substantial importance, or that the party failing to make the admission had reasonable grounds to believe it would prevail. Id., subd.(b). An issue is of "substantial importance" within the meaning of the statute if it has "at least some direct relationship to one of the central issues in the case, i.e., an issue which, if not proven, would have altered the results in the case." *Brooks v. American Broadcasting Co.* (1986) 179 Cal.App.3d 500, 509.

17.    A cost award under section 2033.420 is subject to the Court's discretion. E.g., *Stull v. Sparrow* (2001) 92 Cal.App.4th 860, 864 (applying former section CCP 2033(o)).

18.    As the parties are well-aware, the Court presided over this action from its inception through a lengthy bench trial which resulted in a 47-page statement of decision. As the parties are bound to recall, the Court found Defendants' testimony to be largely incredible, and there was substantial evidence of willful obstruction of the plaintiff's efforts to discovery documents, including but not limited to refusals to produce copies of credit card statements and production of only one side of two sides statements -- documents which plaintiff was required to, and did, later obtain directly from the credit card companies -- and used with great evidentiary effect at trial.

19.    Based on its thorough familiarity with this action, the Court concludes that Plaintiffs successfully proved all issues that Defendants denied in responding to the subject requests for admissions, that each request was of substantial importance (particularly in light of the complexity of the action and Defendants' calculated efforts to obfuscate and conceal the true facts), that the requests were interconnected (like a mosaic) which meant that the various denials had significant ramifications for the efforts required to prove the facts denied, and that Defendants had no reasonable basis for denying these requests.

20.    Thus, with regard to those requests to which defendant DeHay falsely responded that she lacked the "information to either admit or deny," viz., Requests 17, 21-24, 26- 28, 30-35, 43, 47, 48, 50, and 54, the Court declines to apportion fees and costs incurred by Plaintiffs in proving those (unadmitted) requests, from those fees and costs incurred in proving the inextricably-intertwined requests which Dehay improperly denied. In this respect, the Court notes

28906-00002\iManage\3601768.1

6

1  that in its November 22, 2010 Statement of Decision, it wrote: "Defendant DeHay attempted to

2  protect herself by feigning failure of recollection.... this was a carefully calculated strategy on her

3  part to avoid liability." Statement of Decision, at 5:13-15. See also, Statement of Decision at

4  5:16-17 ("It is specifically the finding of this Court that DeHay engaged in a pattern of willful

5  evasions and willfully gave false testimony on material points").

6      21.    The Court notes that in granting the motion in full, it is well-aware of the

7  limitations imposed by *Garcia v. Hyster Co.* (1994) 28 Cal.App.4th 724, 736-37, a case cited in

8  Defendants' opposition brief. In Garcia, the appellate court found an abuse of discretion when the

9  amount of fees awarded by the trial court under CCP 2033.420(a)'s predecessor statute (section

10  2033(o)) was based merely on counsel's conclusionary statement that "failed to set out either his

11  hourly fee or any accounting of time spent on the case." *Id.* at 737. Unlike counsel in Garcia,

12  Plaintiffs' counsel has provided a detailed accounting of the number of hours spent in proving the

13  matters required to proved solely due to Defendants' unreasonable - and dishonest - failure to

14  admit those matters.

15      22.    Also, the Court has reviewed *Wimberly v. Derby Cycle Corp.* (1997) 56

16  Cal.App.4th 618 and *American Federation of State, County and Municipal Employees v.*

17  *Metropolitan Water Dist. of Southern California* (2005) 126 Cal.App.4th 247, and concludes that

18  neither of those cases bars an award under CCP 2033.420(a) based on the specific facts before

19  this Court.

20      23.    As noted above, the Court finds defendants' objection to the fee paid to Mr. Raven

21  meritorious and believes this amount should be deducted from any award.  The adjusted claim

22  amount is therefore $550,714.41.

23      24.    Motion is granted. In the exercise of its discretion, the Court finds that plaintiffs

24  should be and hereby are awarded $495,642.97, jointly and severally against defendants Kevin P.

25  Wasko and Cassondra DeHay, pursuant to Code of Civil Procedure section 2033.420 for their

26  costs in proving the subject matter of the requests for admissions addressed by the motion; this

27  amount reflects a ten percent (10%) reduction in the adjusted claim amount for costs incurred by

28  plaintiffs in addressing defendants' statute of limitations defense.

Order on Plaintiffs' Motion for Costs of Proof under CCP §2033.420 and on Defendants' Motion to Tax Costs

DEFENDANTS' MOTION TO TAX COSTS

25. After consideration of the arguments and authorities submitted by all parties and the Court being satisfied that duplicative cost claims have been eliminated from plaintiffs' Memorandum of Costs, the Court finds that defendant DeHay's Motion to Tax Costs should be granted in part and denied in part, as follows:

26. The motion to tax line 11 of the Memorandum of Costs on defendant's objection to the cost of preparation of Exhibit 68 is denied. Exhibit 68 was of particular importance to the trier of fact in this case because of the volume of transactions and the mass of detail that had to be summarized; this exhibit was extremely helpful to the understanding of the masses of detail presented in other exhibits.

27. The motion tax $2,019.15 of attorney services, Federal Express delivery charges and related fees is granted. Line 13 of plaintiffs' cost memorandum is reduced by this amount.

28. The motion to tax line 13 of the Memorandum of Costs, in the amount of $5,049.66 (See Plaintiffs' Supplemental Memorandum, 3:24) is granted.

29. The total adjusted amount awarded under the Memorandum of Costs is now $48,078.19.

IT IS SO ORDERED.

Dated: **JUN 2 9 2011**
_____

~~Allan J. Goodman~~
**Judge**
_____
Allan J. Goodman
Judge of the Superior Court

28906-00002\iManage\3601768.1

8

Order on Plaintiffs' Motion for Costs of Proof under CCP §2033.420 and on Defendants' Motion to Tax Costs

1   William F. Gutierrez, Esq. (Bar No. 148668)
    CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
2   Professional Law Corporation
    216 Park Road
3   P.O. Box 513
    Burlingame, California 94011-0513
4   Telephone:    (650) 342-9600
    Facsimile:    (650) 342-7685
5
    Attorneys for Plaintiffs
6   Stuart H. Kaplan, M.D., an individual,
    and Moondance LLC, a California Limited Liability Company
7
8                       SUPERIOR COURT OF CALIFORNIA

9                          COUNTY OF LOS ANGELES

10                        UNLIMITED JURISDICTION

11
    STUART H. KAPLAN, M.D., an            Case No. SC082177
12  individual, and MOONDANCE LLC, a
    California Limited Liability Company,  PROOF OF SERVICE
13
                 Plaintiff,              Action Filed: June 24, 2004
14
         v.
15
    KEVIN P. WASKO, an individual,
16  CASSONDRA DEHAY, an individual
    (also known as Cassondra or "Sandy"
17  Wasko), SPANISH INVESTMENTS
    NETWORK, LTD., a corporation,
18  TRILEX, a corporation, STUART
    CADWELL, an individual, and DOES 1-
19  50,
20               Defendants.
21
         I declare that I am employed in the County of San Mateo, California. I am over the age
22  of eighteen (18) years and not a party to this action. My business address is 216 Park Road,
    P.O. Box 513, Burlingame, California 94011-0513.
23
         I certify that the original papers filed with the Court and all copies of papers, documents,
24  and exhibits, whether filed with the Court or served on other parties, are prepared on recycled
    paper.
25
         I am readily familiar with this business' practice for collection and processing of
26  correspondence for mailing with the United States Postal Service and know that this
    correspondence would be deposited with the United States Postal Service this day in the
27  ordinary course of business.
28
    28906-00002\iManage\3760904.1

    PROOF OF SERVICE

1     On July 8, 2011, I served the following:

2     **NOTICE OF ENTRY OF ORDER (1) GRANTING PLAINTIFFS' MOTION
FOR ORDER AWARDING COSTS OF PROOF OF ISSUES AGAINST
DEFENDANTS KEVIN P. WASKO AND CASSONDRA DEHAY
PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 2033.420; AND
(2) GRANTING, IN PART, AND DENYING IN PART DEFENDANT'S
MOTION TO TAX COSTS**

6 [x] **By placing in office mail as indicated below.** I enclosed the documents in a sealed
envelope or package addressed to the persons at the addresses listed above and placed the
envelope for collection and mailing, following our ordinary business practices. I am readily
familiar with this business's practice for collecting and processing correspondence for
mailing. On the same day that correspondence is placed for collection and mailing, it is
deposited in the ordinary course of business with the United States Postal Service, in a
sealed envelope with postage fully prepaid. I am a resident or employed in the county
where the mailing occurred. The envelope or package was placed in the mail at
Burlingame, California.

Kevin P. Wasko               Julian A. Pollok, Esq.
27046 Edgewater Lane       Law Offices of Julian A. Pollok
Valencia, CA 91355-1608     505 North Brand Blvd., Suite 1050
                           Glendale, CA 91203

     Executed on July 8, 2011, at Burlingame, California.

     I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

Shara J. Bajurin

**EXHIBIT B**

# CARR McCLELLAN
### INGERSOLL THOMPSON & HORN

Professional Law Corporation

William Gutierrez
wgutierrez@carr-mcclellan.com

June 22, 2011

Mr. Kevin Wasko
27046 Edgewater Lane
Valencia, CA  91355

Re:   Stuart H. Kaplan, et al. v. Kevin P. Wasko, et al.

Dear Kevin:

Enclosed is a Stipulation Re Nunc Pro Tunc Interlineation of Judgment After Court Trial Entered November 22, 2010, With Award of Statutory Costs and Costs of Proof Award Under Code of Civil Procedure Section 2033.420; and a proposed Order.  Hopefully, you have been following the email between Julian and me regarding this issue; he has approved this version of the Stipulation to submit along with the proposed Amended Judgment and cover letter to Judge Goodman.  Provided that the stipulation meets with your approval, please sign and return the stipulation at your early convenience in the enclosed pre-addressed, stamped envelope.

Thank you.

Very truly yours,

William Gutierrez

WG:sjb
Enclosures
cc:   Client
      Julian A. Pollok, Esq. (via email)

28906-00002\iManage\3755236.1

216 Park Road · Burlingame · California 94010

P 650.342.9600
F 650.342.7685

www.carr-mcclellan.com

1   William F. Gutierrez, Esq. (Bar No. 148668)
     CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
2   Professional Law Corporation
     216 Park Road
3   P.O. Box 513
     Burlingame, California  94011-0513
4   Telephone:    (650) 342-9600
     Facsimile:    (650) 342-7685

5

6   Attorneys for Plaintiffs Stuart H. Kaplan, M.D., an individual,
     and Moondance LLC, a California Limited Liability Company

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **COUNTY OF LOS ANGELES**

10

11   STUART H. KAPLAN, M.D., an         No. SC082177
     individual, and MOONDANCE LLC, a
12   California Limited Liability Company,    **STIPULATION RE NUNC PRO TUNC**
                                **INTERLINEATION OF JUDGMENT**
13            Plaintiffs             **AFTER COURT TRIAL ENTERED**
                                **NOVEMBER 22, 2010, WITH AWARD OF**
14   v.                           **STATUTORY COSTS AND COSTS OF**
                                **PROOF AWARD UNDER CODE OF**
15   KEVIN P. WASKO, an individual,      **CIVIL PROCEDURE SECTION 2033.420;**
     CASSONDRA DEHAY, an individual    **ORDER**
16   (also known as Cassondra or "Sandy"
     Wasko), SPANISH INVESTMENTS   Action Filed:  June 24, 2004
17   NETWORK, LTD., a corporation,
     TRILEX, a corporation, STUART
18   CADWELL, an individual, and DOES 1-50

19            Defendants.

20

21

22        Plaintiffs Stuart H. Kaplan, M.D. and Moondance LLC and defendant Cassondra DeHay,

23   by and through their counsel of record, and Kevin P. Wasko, pro se, agree and stipulate that in

24   lieu of the filing of a revised judgment the Court may order the Clerk of the Court pursuant to

25   Rule 3.1700 (b)(4) to interlineate the Judgment After Court Trial entered in this action on

26   November 22, 2010 (the "Judgment"), to award plaintiffs Stuart H. Kaplan, M.D. and Moondance

27   LLC, *nunc pro tunc*: (i) statutory costs totaling $48,078.19; and (ii) costs of proof pursuant to

28

1    Code of Civil Procedure section 2033.420 totaling $495,642.97.  This stipulation and any

2    resulting order shall be without prejudice to any pending appeal of the Judgment, and shall be

3    without prejudice to and shall not be construed to waive any right of appeal defendants, or any of

4    them, may have from the order entered on defendants Motion to Tax Costs and plaintiffs' Motion

5    for Order Awarding Costs of Proof of Issues against Defendants Kevin P. Wasko and Cassondra

6    DeHay pursuant to Code of Civil Procedure section 2033.420.

7            IT IS SO STIPULATED.

8

9    Dated:        June _____, 2011            CARR, McCLELLAN, INGERSOLL,
                                              THOMPSON & HORN
10                                            Professional Law Corporation

11

12                                            By:_____
                                              William F. Gutierrez
13                                            Attorneys for Plaintiffs Stuart H. Kaplan, M.D.,
                                              an individual, and Moondance LLC, a
14                                            California Limited Liability Company

15   Dated:        June _____, 2011            LAW OFFICES OF JULIAN A. POLLOK,
                                              A Professional Corporation
16

17                                            By:_____
18                                            Julian A. Pollok
                                              Attorney for Defendant Cassondra DeHay
19
     Dated:        June _____, 2011
20

21                                            By:_____
22                                            Kevin P. Wasko
                                              Defendant
23

24

25

26

27

28

1

## NUNC PRO TUNC ORDER

2    The Court, having reviewed the stipulation of the parties and good cause appearing

3    therefore,

4    HEREBY ORDERS NUNC PRO TUNC that clerk of the court shall interlineate the

5    Judgment entered in this action on November 22, 2010, with the following language:

6    "Plaintiffs Moondance LLC and Stuart H. Kaplan, M.D., shall have

7    and recover from defendants Kevin P. Wasko and Cassondra

8    DeHay, jointly and severally, $48,078.19 in statutory costs, and

9    $495,642.97 for costs of proof pursuant to Code of Civil Procedure

10    section 2033.420."

11    This Order shall be without prejudice to any pending appeal of the Judgment, and shall be

12    without prejudice to and shall not be construed to waive any right of appeal defendants, or any of

13    them, may have from the order entered on defendants Motion to Tax Costs and plaintiffs' Motion

14    for Order Awarding Costs of Proof of Issues against Defendants Kevin P. Wasko and Cassondra

15    DeHay pursuant to Code of Civil Procedure section 2033.420.

16

17    Dated:    _____    _____

18    Allan J. Goodman
Judge of the Superior Court

19

20

21

22

23

24

25

26

27

28

28906-00002\iManage\3753702.1

Order

| In re: | | CHAPTER | 11 |
|---|---|---|---|
| Kevin Patrick Wasko and Cassondra Dehay | | CASE NUMBER | 07-bk-10845 |
| | Debtor(s). | ADV. CASE NO. | 07-ap-01136-MT |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**1901 Avenue of the Stars, Ste 1700, Los Angeles, CA 90067**

A true and correct copy of the foregoing document described   __Debtor's Limited Opposition to Motion for Summary Judgment or in the Alternative, Summary Adjudication of Issues__   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On __8/19/11__ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Alan W Forsley          awf@fredmanlieberman.com, awf@fkllawfirm.com;addy@fkllawfirm.com
- Jerome Bennett Friedman   jfriedman@jbflawfirm.com, bbalonick@jbflawfirm.com;jmartinez@jbflawfirm.com

☐  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On __8/19/11__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Maureen Tighe          Alan W. Forsley
United States Bankruptcy Court          1857 Century Park East, Ste 2200
21041 Burbank Blvd., Room 325          Los Angeles, CA 90067
Woodland Hills, CA 91367

☐  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| __8/19/11__ | Jackeline Martinez | /s/Jackeline Martinez |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                          **F 9013-3.1**