Marc A. Lieberman, Esq. (SBN 157318)
Alan W. Forsley, Esq. (SBN 180958)
FREDMAN KNUPFER LIEBERMAN LLP
1875 Century Park East, Suite 2200
Los Angeles, California 90067-2523
Telephone:  (310) 284-7350
Facsimile:   (310) 284-7352

Attorneys for Plaintiffs
Stuart H. Kaplan, M.D., and Moondance LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO DIVISION

| | |
|---|---|
| In re<br><br>KEVIN WASKO and CASSONDRA DEHAY<br><br>　　Debtors.<br><br>―――――――――――<br><br>STUART H. KAPLAN, M.D., and MOONDANCE LLC,<br><br>　　Plaintiffs,<br><br>　v.<br><br>KEVIN WASKO and CASSONDRA DEHAY,<br><br>　　　　　　　　　Defendants. | CASE NO. 1:07-10845-MT<br><br>Chapter 11<br><br>ADV CASE NO. 1:07-01136-MT<br><br>**REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION OF ISSUES REGARDING PLAINTIFFS' COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO BANKRUPTCY CODE SECTIONS 523(a)(2)(A), (a)(4), and (a)(6)**<br><br>Date: September 1, 2011<br>Time: 9:30 a.m.<br>Place: Courtroom 302 |

　　Plaintiffs Stuart H. Kaplan, M.D., and Moondance, LLC hereby file this reply in response to defendants Kevin Wasko's and Cassondra Dehay's opposition to the motion for summary judgement (the "**Opposition**").

## I.

## INTRODUCTION

In the motion for summary judgment, Plaintiffs requested that the court find non-dischargeable the: (1) $1,493,569.06 State Court Judgment (the "**Judgment**"), (2) $7,080.00 sanctions order (the "**Sanctions Order**"), (3) $543,721.16 cost of proof order, (the "**Cost of Proof Order**") and (4) the $158,508.30 of post-judgment interest (the "**Post-Judgment Interest**") for a total of $2,202,878.52.

The Opposition does not deny that the Judgment is unpaid and is based upon Defendants' fraud and breach of fiduciary. The Opposition also does not deny that the Sanctions Order remains unpaid and that Plaintiffs are entitled to the Post-Judgment Interest. Defendants also provided no evidence that their actions were not fraudulent or that they did not breach their fiduciary duty owed to Plaintiffs.

Defendants only argue, without any authority, that the $543,721.16 Cost of Proof Order cannot be included in the non-dischargeabilty judgment because they allegedly still have time to file an appeal (i.e., it is not a final judgment). The *Rooker-Feldman* doctrine, however, makes the Cost of Proof Order binding on this Court. Thus, Plaintiffs request that the Court find the amounts for each the Judgment, Sanctions Order, Cost of Proof Order, and Post-Judgment Interest, for a total of $2,202,878.52, to be non-dischargeable

## II.

## THE COURT SHOULD NOT CONSIDER THE OPPOSITION BECAUSE IT IS UNTIMELY

Pursuant to Local Bankruptcy Rule 7056-1(c)(1), "Any party who opposes the motion must serve and file a response not later than 21 days before the date of the hearing on the motion." Defendants' Opposition was due on August 11, 2011 (i.e., 21 days before the September 21, 2011 hearing date). Defendants' Opposition was served on August 19, 2011, which is eight days late. Defendants state, without any evidence, that they work 7

---

days a week and have no money, but there no information on how their work or lack of money delayed Defendants from filing their Opposition.[1] Defendants' Opposition was not timely served so it should not be considered by the Court.

### III.
### DEFENDANTS WRONGLY ARGUE THAT THE COST OF PROOF ORDER IS NOT BINDING ON THIS COURT

Defendants incorrectly argue that the non-dischargeability judgment should not include the $543,721.16 Cost of Proof Order because Defendants can still file an appeal. The *Rooker-Feldman* doctrine, however, requires that this Court take preclusive effect of the Cost of Proof Order notwithstanding that Defendants may still file an appeal.

The *Rooker-Feldman* doctrine prevents cases brought by state-court losers, such as Defendants, from "inviting district court review and rejection of those judgments." In re Dornheim, (8th Cir. 2005) 430 F.3d 919, 923. The basis for the *Rooker-Feldman* doctrine is that "federal courts are courts of original jurisdiction, and by statue they are precluded from serving as appellate courts to review state court judgments . . . ." Id. Defendants are simply requesting that this Court ignore the Cost of Proof Order, but bankruptcy courts "do not have subject matter jurisdiction over challenges to state court decisions in judicial proceedings." In re Charchenko, (8th Cir. 1995) 47 F.3d 981, 983.

Moreover, "[u]nder the *Rooker-Feldman* doctrine, it is not necessary that the underlying judgment be a final judgment." In re Aboud, (N.D. Okla. 1999) 232 B.R. 793, 798; In re Charchenko, (8th Cir. 1995) 47 F.3d 981, 983 (the "*Rooker-Feldman* doctrine is broader than claim and issue preclusion because it does not depend on a final judgment on the merits." Unless and until the Cost of Proof Order is overturned on appeal, this Court

---

[1] This is perplexing because it is Defendants' attorney who is preparing all of the pleadings.

must give it the same preclusive effect as it would have in state court, so the Court should also find the Cost of Proof Order non-dischargeable.[2]

## IV.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court find the entire $1,493,569,06 Judgment, the $7,080.00 Sanctions Order, the $543,721.16 Cost of Proof Order, and the $158,508.30 in post-judgment interest, for a total of $2,202,878.52, to be non-dischargeable.

DATED: August 22, 2011                FREDMAN KNUPFER LIEBERMAN LLP

By: _____
Alan W. Forsley
Attorneys for Plaintiffs
Stuart H. Kaplan, M.D., and Moondance LLC

---

[2] If Defendants appeal the Cost of Proof Order and prevail, they can then file a motion with this court to amend any judgment. Likewise, if Defendants loose on appeal and Plaintiffs are awarded their costs, Defendants can then also file a motion with this Court to amend the judgment to include the costs and attorneys' fees.

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

FREDMAN KNUPFER LIEBERMAN LLP 1875 Century Park East, Suite 2200, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as **REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION OF ISSUES REGARDING PLAINTIFFS' COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO BANKRUPTCY CODE SECTIONS 523(a)(2)(A), (a)(4), and (a)(6)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 22, 2011,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Jerome Bennett Friedman    jfriedman@jbflawfirm.com, bbalonick@jbflawfirm.com;jmartinez@jbflawfirm.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **August 22, 2011,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Via Federal Express*
Chambers of The Honorable
Maureen A. Tighe
21041 Burbank Blvd., Ste. 325
Woodland Hills, CA 91367

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 22, 2011 | ALAN W. FORSLEY | *(signature)* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

**F 9013-3.1.PROOF.SERVICE**